UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JEVON D. GREEN, | : |
| Plaintiff, | : Civil Action No. 11-4733 (SRC) |
| v. | : OPINION |
| STATE OF NEW JERSEY, et al., | : |
| Defendants. | : |

**CHESLER**, District Judge

      This matter comes before the Court upon three separate motions to dismiss the Amended Complaint.  They were filed by (1) Defendant the State of New Jersey [docket entry 23]; (2) Defendants 21st Century Insurance, Marilyn S. Calma and Rowel M. Calma [docket entry 35]; and (3) Maywood Municipal Court, Maywood Police Department, Officer Kevin Madden and Officer Matthew Parodi (collectively, the "Maywood Defendants") [docket entry 37].  Pro se Plaintiff Jevon D. Green ("Plaintiff" or "Green") has opposed the motions. The Court has considered the papers filed by the parties and proceeds to rule based on the written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78.  For the reasons that follow, each motion to dismiss will be granted, and the case will be closed.

**I.     BACKGROUND**

      This civil rights action arises out of the traffic stop and arrest of Plaintiff Green on July 21, 2008.  Plaintiff alleges that, on that date, while driving through Maywood, New Jersey, he was pulled over by two police officers, Defendants Officer Parodi and Officer Madden.

1

According to the Complaint, after Officer Madden inspected Green's license, registration and proof of auto insurance, he asked Green to step out of the vehicle.  Green alleges that he informed Officer Madden that he was experiencing neck and back pain from a previous injury and did not want to exit the vehicle for fear of aggravating the pain.  He further alleges that Officer Madden opened the car door, at which time Green complied with the request to step out of the vehicle, with his hands in the air.  The Complaint avers that Officer Madden conducted a pat-down search of Green and then grabbed him in a headlock.  Then, Green alleges, Officer Parodi approached and grabbed Green's arm to handcuff him.  Green avers that he was detained for at least three months.  The Amended Complaint alleges that Green was convicted of the charges brought against him in connection with his July 21, 2008 arrest, though it is not clear what those charges were and on what date the judgment of conviction was entered.[1]

Plaintiff initially submitted this lawsuit for filing, together with an *in forma pauperis* application, on August 15, 2011.  The Court granted the application to proceed *in forma pauperis* and, upon screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2), dismissed the action on two grounds: for failure to plead sufficient factual allegations to state a plausible claim, as required by Rule 8(a) and  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009) and due to the immunity of certain parties from claims for monetary relief.  Upon appeal, the Third Circuit vacated the district court's order of dismissal, holding that while the dismissal of the Complaint was proper for failure to meet the pleading standard of Federal Rule of Civil Procedure 8(a), the district court erred in failing to permit Plaintiff to file an amended complaint to allege additional facts which might meet the pleading standard.

---

[1] Two allegations made by Plaintiff in the Amended Complaint give the impression that the charges against him may have related to the identification documents he presented during the traffic stop. He alleges that he should be acquitted of his charges because "it has been proven over numerous times that I am who I claim to be" and that he has been the victim of identity theft. (Am. Compl. at 5.)

2

It is Green's Amended Complaint, filed on remand of the action from the Third Circuit, which is challenged by Defendants in the motions before the Court. The Amended Complaint alleges the facts summarized above, and based thereon, Green requests that this Court "acquit me of any wrong doing for the crimes I am being accused of from the night July 21, 2008" and expunge his arrest and conviction. He makes various other requests, including replacement of items lost in the arrest, damages to compensate him for debt he claims to have incurred as a result of the incident and appointment of pro bono counsel.[2]

## II.  DISCUSSION

### A.  Legal Standard

The State of New Jersey moves to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The two other motions before the Court seek dismissal pursuant to Rule 12(b)(6).

Motions pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss a complaint for lack of subject matter jurisdiction may be raised at any time. Iwanowa v. Ford Motor Co., 67 F. Supp. 2d 424, 437–38 (D.N.J.1999). Rule 12(b)(1) challenges may be either facial or factual attacks. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977). "A motion to dismiss on the basis of Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction made prior to the filing of the defendant's answer is a facial challenge to the complaint." Bennett v. Atlantic City, 288 F. Supp. 2d 675, 678 (D.N.J.2003) (citing Mortensen, 549 F.2d at 891). A facial challenge asserts that the complaint does not allege sufficient grounds to establish subject matter jurisdiction or that there is a legal bar to the court hearing the case, such as sovereign immunity.

---

[2] The debt and lost items apparently refer to Green's allegation that, in the course of events on July 21, 2008, his vehicle was towed and later wrongfully released to the lienholder, causing Green to default on his loan.

Bennett, 288 F.Supp.2d at 679–680; Iwanowa, 67 F. Supp. 2d at 438. Upon review of a facial challenge, the Court views the Complaint in the light most favorable to Plaintiff. Bennett, 288 F. Supp. 2d at 678; Mortensen, 549 F.2d at 891.

A complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556.) Following Iqbal and Twombly, the Third Circuit has held that, to prevent dismissal of a claim, the complaint must show, through the facts alleged, that the plaintiff is entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). While the Court must accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff, it need not accept a "legal conclusion couched as a factual allegation." Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007); Fowler, 578 F.3d at 210-11; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice." Iqbal, 556 U.S. at 678.

In this case, where Plaintiff proceeds pro se, the Court must construe the Amended Complaint liberally and to a less stringent standard than those pleadings filed by lawyers. See Erickson v. Pardus, 551 U.S. 89, 93–94 (2007). The Supreme Court has held that, nevertheless, a

pro se litigant's complaint is subject to the same pleading requirements set by Federal Rule of Civil Procedure 8(a) as other complaints filed in federal court. Id. at 93–94.

### B. Motion by the State of New Jersey

To the extent the Complaint seeks relief from the State of New Jersey, this Court lacks jurisdiction over such claims due to the sovereign immunity conferred by the 11th Amendment on the State of New Jersey. "[T]he principle of sovereign immunity is a constitutional limitation on the federal judicial power established in Art. III." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984). It derives from the 11th Amendment, which provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of any foreign state. U.S. Const., Amend. XI.

Pursuant to the 11th Amendment, a federal court lacks the authority to entertain a suit brought by a citizen against a state, unless the state has consented to suit. Pennhurst, 465 U.S. at 98-99. A state's consent to be sued, or put differently, its waiver of sovereign immunity, must be unequivocally expressed. Id. at 99. Similarly, such immunity will not be considered abrogated by law unless congressional intent to overturn it is clearly and unequivocally expressed. Id. Indeed, the Supreme Court has held that 42 U.S.C. § 1983, pursuant to which a private party may sue a state actor for violation of a constitutional or federal right, does not override the 11th Amendment immunity to which the States are entitled. Quern v. Jordan, 440 U.S. 332, 342 (1979).

While it is difficult to discern from the Amended Complaint the causes of action Plaintiff asserts against the State of New Jersey, it is clear than any claim he might be asserting, including

a § 1983 claim for excessive force, false arrest and/or malicious prosecution in connection with the July 21, 2008 incident is barred by sovereign immunity. Accordingly, all claims against the State of New Jersey will be dismissed with prejudice for lack of subject matter jurisdiction.

### C. Motion by the Maywood Defendants

The Maywood Defendants argue that, to the extent Plaintiff asserts § 1983 claims arising out of the traffic stop and other events of July 21, 2008, the claims must be dismissed as barred by the statute of limitations. They are correct. The Supreme Court has held that "the statute of limitations to be applied in all cases brought under § 1983 is the statute of limitations of the state involved which applies to actions for personal injuries." Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987) (citing Wilson v. Garcia, 471 U.S. 261 (1985)); see also Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23 (3d Cir. 1989) (holding that New Jersey's two-year statute of limitations for personal injury actions applies to § 1983 claim arising out of incident occurring in New Jersey). The applicable New Jersey statute sets a two-year limitations period. See N.J.S.A. 2A:14-2. Any § 1983 claim Plaintiff might assert regarding the July 21, 2008 traffic stop and arrest accrued on that date. Wallace v. Kato, 549 U.S. 384, 388 (2007). Any § 1983 claim alleging false imprisonment would have accrued either when he was released from his three-month-long imprisonment or when legal process was initiated against him, whichever occurred earlier. Id. at 389-90; see also Montgomery v. DeSimmone, 159 F.3d 120, 126 (3d Cir. 1998) (holding that § 1983 claims of false arrest and false imprisonment, where such arrest and imprisonment are followed by criminal proceedings, accrue upon the plaintiff's arraignment, or issuance of process, not upon a later release from custody). The filing of this suit three years

after the dates on which his civil rights actions would have accrued, assuming the Amended Complaint attempts to assert the foregoing violations, is clearly untimely.

To the extent, however, that Green seeks relief for malicious prosecution pursuant to section 1983, the Court finds that the claim must be dismissed pursuant to Rule 12(b)(6), though not on grounds of untimeliness. A section 1983 claim for malicious prosecution accrues on the date that the underlying criminal proceedings conclude. Rose v. Bartle, 871 F.2d 331, 349 (3d Cir.1989). It is not clear from the face of the Complaint when the criminal proceedings against Green, which appear to have occurred in the Maywood Municipal Court, came to an end, whether on the date he was convicted or on a subsequent date, if an appeal was pursued. What is clear, however, is that there is a standing conviction against Green arising out of that prosecution. Indeed, one of his pleas for relief is for this Court to expunge that conviction. A necessary element of a malicious prosecution claim is the favorable termination of the underlying criminal proceedings. Kossler v. Crisanti, 564 F.3d 181, 187 (3d Cir.2009) (en banc); see also Lee v. Mihalich, 847 F.2d 66, 70 (3d Cir.1988) ( "[A] civil action for malicious prosecution requires that: (1) the defendant initiate a criminal proceeding; (2) which ends in plaintiff's favor; (3) which was initiated without probable cause; and (4) the defendant acts maliciously or for a purpose other than bringing the defendant [sic] to justice."). Prior criminal proceedings "must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element." Kossler, 564 F.3d at 187. The Amended Complaint fails to plead the favorable termination element of his malicious prosecution claim, and as such it fails to state a plausible claim for malicious prosecution.

Finally, insofar as the Amended Complaint seeks relief pursuant to § 1983 on the grounds that Green was unlawfully arrested, tried and convicted, it fails to state a cognizable cause of action for the additional reason that any award in Plaintiff's favor would necessarily imply the invalidity of his conviction.  Heck v. Humphrey, 512 U.S. 477, 487 (1994).  In Heck v. Humphrey, the Supreme Court held that

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. **A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983**.

Id. at 486–87 (footnote omitted) (emphasis added).

The Court will, moreover, dismiss all claims against the Maywood Defendants with prejudice, as there is no indication that the Amended Complaint could be further amended to assert allegations that would cure the deficiencies discussed above.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002) (holding that upon granting a defendant's motion to dismiss a deficient complaint, a district court should grant the plaintiff leave to amend within a set period of time, unless amendment of the complaint would be inequitable or futile).

### D.  Motion by 21st Century Assurance Company, Marilyn S. Calma and Rowal M. Calma

The facts alleged in the Amended Complaint before the Court do not involve Defendants 21st Century Assurance, Marilyn Calma or Rowal Calma at all.  Indeed, other than Plaintiff's inclusion of these parties in the caption of the pleading, they are not mentioned in the Amended Complaint.  The brief in support of the motion to dismiss filed by these Defendants explains that

Green was involved in a motor vehicle accident on December 14, 2007, in which his vehicle collided with a vehicle operated by Marilyn Calma, owned by Rowal Calma and insured by 21st Century Assurance.  As they argue, the absence of any factual allegations against them in the Amended Complaint requires dismissal of the claim pursuant to Rule 12(b)(6) and Iqbal's holding as to the standard for pleading a viable claim under Rule 8(a).  Moreover, these Defendants also argue that any potential claims against them would be barred by the two-year statute of limitations applicable to personal injury claims.  N.J.S.A. 2A:14-2.   The Court, however, does not reach that argument, because its review of the sufficiency of a complaint on a Rule 12(b)(6) motion is limited to the complaint itself and may not consider extraneous facts.  Insofar as the Amended Complaint asserts claims against 21st Century Assurance, Marilyn Calma and Rowal Calma, the claims are dismissed.  The Court will not grant Plaintiff leave to amend, as he has previously been given an opportunity to cure a deficient complaint and has nevertheless failed to plead any facts that would state a claim against these Defendants.  As such, it appears that any further amendment would be futile.  See Grayson, 293 F.3d at 108.

### III.    CONCLUSION

For the foregoing reasons, the Court will grant the motions to dismiss. The entire Amended Complaint will be dismissed with prejudice. An appropriate Order will be filed.

        s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated:  June 23, 2014